IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV379-03-MU

REGGIE DEWAYNE JEFFERIES,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　)　　**O R D E R**
　　　　　　　　　　　　　　　　　　)
BILL HOGAN et., al.　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　 )
_____)

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed November 27, 2007. (Document No. 1.)

A cause of action pursuant to § 1983 requires a deprivation of a right secured by the Constitution or other law of the United States by a person acting under color of state law. Here, Plaintiff names Bill Hogan,[1] the chief of the Asheville Police Department, Tim Splein, Captain of the Asheville Police Department, Gene Bell, Executive Director of Public Housing and David Noah, Assistant Director of Public Housing.[2]

---

[1] There is no allegation in the Plaintiff's Compliant that Mr. Hogan ever had any personal contact with the Plaintiff; therefore there can be no individual liability as to Defendant Hogan. Therefore the claim against Mr. Hogan can only be construed as a claim under a theory of supervisory liability. The doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Based on the allegations in Plaintiff's Complaint, there is no basis upon which to attach supervisory liability to Mr. Hogan. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Therefore, Chief Hogan would be dismissed under this theory.

[2] Both Gene Bell and David Nash work for the Public Housing Authority of the City of Asheville. Even if the Court construed the Public Housing Authority to be a county entity which can be sued directly under 1983 for monetary, declaratory or injunctive relief when the alleged unconstitutional action executes governmental policy or custom, Monell v. Department of Social Services, 436 U.S. 658 (1978), Plaintiff does not articulate any governmental policy or custom in

Plaintiff contends that Captain Splein provided information about his arrest to the Public Housing Authority via e-mail. The Public Housing Authority then printed such information in their publication.[3] Plaintiff alleges that the article concerning his arrest contained incorrect information which included that he "attempted to pull a handgun" on a police officer and that he possessed "crack cocaine". In fact, Plaintiff was charged with possession of cocaine and possession of a firearm. Plaintiff does not specify whether Captain Splein provided incorrect information to the Public Housing Authority or whether the Public Housing Authority misinterpreted the information when they wrote the article. However, in either case, Plaintiff's claim must fail.

In assessing Plaintiff's claim, the Court must determine whether there has been a "deprivation of any rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Indeed, a complaint alleging a § 1983 violation must state on its face a cognizable claim for relief based upon a specific and articulable constitutional right. See Fox v. Custis, 712 F.2d 84, 87 (4th Cir. 1983). Not all invasions of personal rights approach the magnitude of a constitutional violation actionable under § 1983. Baker v. McCollan, 443 U.S. 137 (1979); Street v. Surdyka, 492 F.2d 368 (4th Cir. 1974).

Plaintiff's claim is one of libel. The gist of a libel action is injury to a plaintiff's reputation. Generously stated, Plaintiff claims that the defendants defamed him by causing an article to be printed about the specifics of his arrest in a Public Housing Publication. According to Plaintiff, such article contained details that were not totally accurate. Plaintiff admits he was arrested and charged

---

connection with his claim that defendants subjected him to libel by printing false information about his arrest in a publication printed by the Housing Authority. Therefore, Gene Bell and David Nash, "officials" of the Public Housing Authority are not properly named as defendants in this case and are dismissed.

[3] Plaintiff contends that such publication is for community awareness purposes and law enforcement awareness in public housing.

with possession of cocaine and possession of a gun. However, Plaintiff disputes that he held a gun to an Asheville Police Officer or that he possessed crack, details which Plaintiff contends were included in the article. Plaintiff's claim of libel is a state law claim. Plaintiff has not articulated a violation of any of his Constitutional rights. See <u>Kipps v. Ewell</u>, 391 F. Supp 1285 (D.C.Va. 1975) (allegation that police officer's release of pretrial statements and photo of plaintiff violated right to a fair trial); <u>Baker v. Howard</u>, 419 F.2d 376 (9th Cir. 1969) (allegation that police officer violated Plaintiff's right to privacy by releasing a police report suggesting that plaintiff had committed a crime did not state a claim because plaintiff was not deprived of any right secured by the Constitution.). Therefore, Plaintiff's claim of libel does not not rise to the level of a Constitutional injury because Plaintiff has not articulated a violation of any right secured by the Constitution and as such, he has failed to state a claim for relief pursuant to 42 U.S.C. § 1983.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**.

Signed: December 7, 2007

Graham C. Mullen
United States District Judge